# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.R., a MINOR, by and through his parent, SHARON E. RIZZI, and SHARON E. RIZZI,<br><br>Plaintiffs,<br><br>v.<br><br>PALOS VERDES PENINSULA UNIFIED SCHOOL DISTRICT, *et al.*,<br><br>Defendants. | Case No. 2:21-cv-07656-JAK-AFM<br><br>**ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION** |

On September 24, 2021, plaintiffs J.R., a minor, by and through his parent, and Sharon E. Rizzi ("Rizzi"), a parent of J.R., filed a Complaint proceeding *pro se*. (ECF No. 1-2.) The Complaint states that "J.R. is a minor child who attend [sic] Palos Verdes Peninsula Unified School District" ("School District"). (*Id.* at 2.) Plaintiffs purport to raise four claims, two pursuant to the Due Process Clause of the Fourteenth Amendment of the United States Constitution and two pursuant to the California Constitution. The pleading is signed by Sharon Rizzi, "individually and on behalf of her minor child, J.R." (*Id.* at 20.) Plaintiffs seek injunctive and

declaratory relief regarding a "mask mandate" issued by the School District, including vacating the mandate. (*Id.* at 19-20.) Plaintiffs paid the full filing fee.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stevedoring Servs. of Am., Inc. v. Eggert*, 953 F.2d 552, 554 (9th Cir. 1992). To support federal question jurisdiction under 28 U.S.C. § 1331, a plaintiff must present a federal question on the face of a complaint. *See Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) (for a federal court to exercise federal question jurisdiction under 28 U.S.C. § 1331, "the federal question must be disclosed upon the face of the complaint" (internal quotation marks omitted)). "Absent a substantial federal question," a "district court lacks jurisdiction," and claims that are "wholly insubstantial" or "obviously frivolous" are insufficient to "raise a substantial federal question for jurisdictional purposes." *Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015).

A federal court has "an 'independent obligation' to assess whether it has jurisdiction" before proceeding to the merits of a case. *Johnson v. Guzman Chavez*, 141 S. Ct. 2271, 2292 (2021) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)); *see also Lance v. Coffman*, 549 U.S. 437, 439 (2007) ("Federal courts must determine that they have jurisdiction before proceeding to the merits."). The Court may dismiss a case summarily if the pleading presents an obvious jurisdictional issue. *See, e.g., Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985, 989 (9th Cir. 2003) (a court may dismiss *sua sponte* and without notice for lack of subject matter jurisdiction without violating due process).

A federal court lacks subject matter jurisdiction if a plaintiff fails to establish Article III standing. A "plaintiff bears the burden of proving" the existence of subject

matter jurisdiction and "must allege facts, not mere legal conclusions" to invoke the court's jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). A plaintiff therefore "bears the burden of establishing" standing, and he or she "must clearly . . . allege facts demonstrating each element." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (internal quotation marks omitted, omission in original); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Additionally, a plaintiff must establish standing for each claim and each form of relief sought in a pleading. *See, e.g., Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017) ("standing is not dispensed in gross" (internal quotation marks omitted)). To establish the "irreducible constitutional minimum" of Article III standing, a plaintiff must have: (1) suffered "an injury in fact," (2) "that is fairly traceable to the challenged conduct" of the defendant, and he or she must seek (3) "a remedy that is likely to redress that injury" by a favorable court decision. *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 797 (2021) (citing *Spokeo, Inc.*, 578 U.S. at 338). The injury must be "concrete and particularized," as well as "actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S. Ct. at 1548; *see also Yazzie v. Hobbs*, 977 F.3d 964, 966 (9th Cir. 2020) (plaintiff must show "a causal connection between the injury and the conduct complained of"); *Wash. Env't Council v. Bellon*, 732 F.3d 1131, 1141 (9th Cir. 2013) (to satisfy the causality element for Article III standing, "[t]he line of causation between the defendant's action and the plaintiff's harm must be more than attenuated").

Here, Plaintiff Rizzi is proceeding in this action as a *pro se* individual. A plaintiff proceeding *pro se* in federal court, however, does not have standing to vicariously assert the constitutional claims of others. This applies to a parent or guardian attempting to raise a claim on behalf of a minor child. *See Johns v. County of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997) ("a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer"); *United States v. Mitchell*, 915 F.2d 521, 526 n.8 (9th Cir. 1990) (*pro se* litigant does not have

standing to raise the claims of other persons whose rights may have been violated); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (a non-attorney may appear *pro se* on his own behalf, but he or she "has no authority to appear as an attorney for others"); *see also* Local Rule 83-2.2.1 ("Any person representing himself or herself in a case without an attorney must appear *pro se* for such purpose. That representation may not be delegated to any other person -- even a spouse, relative, or co-party in the case. A non-attorney guardian for a minor or incompetent person must be represented by counsel."). Accordingly, Rizzi may not raise any claims in this action based on alleged injuries to her minor child without the representation of counsel. *See, e.g., Cal. v. K.W.*, 2021 WL 2258717 at *2 (E.D. Cal. May 21, 2021) (finding a *pro se* litigant's assertion that she is the "most trusted counsel" of her minor child insufficient to establish Article III standing and holding that "any actions purportedly taken by [a parent] on behalf of K.W. should be rejected for lack of Article III standing" (citing *Johns*, 114 F.3d at 876-77)).

Moreover, to the extent that Plaintiff Rizzi is purporting to raise a claim on her own behalf, she must clearly allege facts demonstrating each element necessary to establish Article III for each constitutional deprivation she allegedly suffered. *See, e.g., Town of Chester*, 137 S. Ct. at 1650. The Complaint states that "[s]uit is brought herein on minors' [sic] behalf by their [sic] parents." (ECF No. 1 at 2.) The minor child plaintiff herein is alleged to be a student in the defendant School District. (*Id.*) The factual allegations in the pleading pertain to a School District policy that "requires students, staff, and visitors to wear face coverings and other recommended PPE while on school campuses." (*Id.* at 6-7).[1] The Complaint alleges that the "implementation of the mask policy unlawfully deprives Plaintiffs" of

---

[1] The Court notes that Complaint includes allegations concerning individuals identified as "plaintiffs" Danica M. Keese, minor children R.K. and T.K., Lisa D. Binns, minor child C.B., Richard L. McCarthy, minor children R.M. and P.M., none of whom is named as a plaintiff in this action. (ECF No. 1 at 14.) The Court disregards these allegations as irrelevant.

"constitutionally protected interests without due process of law." (*Id.* at 15.) The only damage alleged is that "[p]laintiffs were harmed and continue to be irreparably harmed . . . by suffering an overall *possible* simultaneous drop in oxygen saturation of the blood and increase in carbon dioxide." (*Id.* at 16-18 (emphasis added).)

 Plaintiff Rizzo does not allege that she is a student at, or on the staff of, the School District, and she does not allege that the School District's policy mandated that she wear a mask for any particular period of time. Rizzi therefore does not allege that she suffered the harm alleged in this action. It is Rizzi's burden as the party seeking to invoke federal jurisdiction to establish an Article III injury on the face of the pleading. She has not done so. Rizzi's interest as a mother in the harm that she alleges her minor child suffered is insufficient to show that Rizzi (as distinct from her minor child) personally suffered a particularized or concrete "injury in fact" that is "fairly traceable" to the challenged policy of the School District. *See, e.g., Trump v. Hawaii*, 138 S. Ct. 2392, 2416 (2018) ("Standing requires more than just a 'keen interest in the issue.' It requires allegations . . . that the plaintiff 'personal[ly] suffered a concrete and particularized injury in connection with the conduct about which he complains." (internal citation omitted)); *Town of Chester*, 137 S. Ct. at 1650-51. Because Rizzi has failed to meet her burden of establishing standing to raise the claims alleged in this action, the Court lacks jurisdiction.

 Accordingly, the Court finds that Plaintiff Sharon E. Rizzi has failed to establish Article III standing for any claim raised on her own behalf. In addition, because Rizzi is proceeding *pro se* in this action, she does not have standing to raise any federal claims on behalf of her minor child. Therefore, the Court lacks subject matter jurisdiction over this action.

///
///
///
///

**IT THEREFORE IS ORDERED** that the Complaint is dismissed without prejudice for lack of subject matter jurisdiction.

DATED: October 5, 2021

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE